UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTABAN SANCHEZ-DELGADO,

    Petitioner,

  v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

CASE NO.  C05-0019-MJP

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a petition for federal habeas relief under 28 U.S.C. § 2241. Petitioner claims that he is entitled to receive credit towards the completion of his sentence starting from May 30, 2003, rather than the date of October 10, 2003, used by the Bureau of Prisons for the start of his sentence. Dkt. # 13.  Respondent filed a response arguing that the petition should be denied because petitioner has failed to exhaust his administrative remedies and because he is not entitled to prior custody credit for time served in state custody and credited to his state sentence.  Following careful consideration of the petition, response, and the balance of the record, this Court concludes that the petition for writ of habeas corpus should be DISMISSED based upon Petitioner's failure to exhaust his administrative remedies.[1]

---

[1] The Court will not address the merits of petitioner's entitlement to credit for time served because the issue of exhaustion of administrative remedies is dispositive of this petition.

REPORT AND RECOMMENDATION
Page 1

DISCUSSION

The Ninth Circuit Court of Appeals has made clear that federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in the federal courts. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)(per curiam). In order to exhaust his remedies under the Administrative Remedy Procedure, an inmate must raise his complaint first to the Warden of the institution where he is confined, and then may further appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. *See* 28 C.F.R. § 542 *et seq.*; *see* Dkt. # 20, Declaration of Margaret Ogden ¶ 3. No administrative appeal is considered to have been finally exhausted until a decision is reached on the merits by the Bureau of Prisons' Central Office. Dkt. # 20 ¶ 3.

Here, in his original complaint, petitioner included a copy of an "Inmate Request to Staff" for review of his records in order to determine credit for time served. Dkt. # 10, p. 7. This appears to be petitioner's only attempt to receive review at the administrative level. *See* Dkt. # 20, Ex. 3.

Accordingly, the Court recommends that Petitioner's petition for writ of habeas corpus, and this action, be DISMISSED without prejudice for failure to exhaust administrative remedies.

A proposed order accompanies this Report and Recommendation.

DATED this <u>11th</u> day of October, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page 2